

*CRH*
*10/6/14*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 OCT 22 PM 4: 15

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Kenneth Clark*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4859*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0717*<br>*TTY/TDD: 410-962-4462*<br>*Kenneth.Clark@usdoj.gov* |

October 6, 2014

**VIA E-MAIL**

Amelio Marino, Esq.
163 W 71st St # 5
New York, NY 10023
marino@marinomanhattanlaw.com

      Re:    *United States v. Reginald Jones,*
             Criminal No. RDB-14-0224

Dear Mr. Marino:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by October 10, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

      1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, charging him with Conspiracy to Distribute and Possess with Intent to Distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offenses

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    A. That two or more persons agreed to distribute and possess with the intent to distribute a mixture or substance containing heroin;

    B. That the Defendant was a party to, or member of, that agreement;

    C. That the Defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives;

    D. That it was foreseeable to the Defendant that the conspiracy would distribute more than 100 grams of a mixture or substance containing heroin; and

    E. That the conspiracy occurred in the District of Maryland.

### Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty are as follows: forty (40) years imprisonment, with a five (5) year mandatory minimum, plus a $5 million fine and 5 years of supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked – even on the last day of the term – and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

       h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing reasonable sentences.

### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### A. STATEMENT OF FACTS

Since at least March 2014, Reginald Jones knowingly conspired to distribute and possess with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. Sharbaan's co-conspirators included but were not limited to: Jeffrey Anderson and Rahdel Sharbaan.

During the course of the conspiracy, Jones worked with Anderson and Sharbaan to obtain bulk quantities of heroin from sources in New York and transport that heroin to Maryland for further distribution. Specifically, Jones would meet with sources in New York and obtain the heroin, then he would travel (generally via bus) to Baltimore, Maryland, where he would provide the heroin to Anderson. Jones would take the proceeds of prior heroin transactions from Anderson in order to pay the source in New York.

During the investigation, agents obtained a wiretap on phone lines used by Anderson. Through those wiretaps, agents intercepted numerous calls between Anderson and Jones discussing travel to and from Baltimore and the heroin business. Investigators also saw Anderson and Jones meeting at the Baltimore Travel Plaza to delivery new supplies of heroin. For example, on March 26, 2014, Anderson spoke with his New York-based supplier and spoke

with Jones to arrange a meeting between the two in New York. Anderson specifically told Jones what car the supplier would be driving and how much money to give the supplier. Officers conducting surveillance in New York then saw Jones leave his apartment building and get into the supplier's car, which then drove around the block and dropped Jones back off in front of the apartment building. That afternoon, Jones contacted Anderson and said that he would call Anderson when he was close (which would be around 6:30 or 7:00 p.m.). Officers conducting surveillance then saw Anderson and Jones meeting at the Baltimore Travel Plaza. The two left in Anderson's car and traveled to Anderson's storage facility, which he was using a stash location for heroin. Anderson then arranged for and completed a meeting with a heroin customer who later called to confirm the quality of the heroin.

In addition, to obtaining heroin from Anderson's source, Jones had a separate source of heroin and also obtained heroin for Anderson from his source.

During the course of the investigation, Jones made approximately 9 trips to Baltimore for Anderson, generally bringing either 50 or 100 grams of heroin to Anderson during each trip.

Over the course of the conspiracy, Jones provided at least 400 grams of heroin to Anderson, which Anderson then re-distributed to customers in Maryland. In total, it was reasonably foreseeable to Jones that the conspiracy distributed at least 400 grams of heroin.

## B. ADVISORY GUIDELINE RANGE

The Defendant and this Office agree that, pursuant to U.S.S.G. § 2D1.1(c)(6), a foreseeable quantity of at least 400 grams but less than 700 grams of heroin provides for a base offense level of twenty-six (28). The Defendant conspired to distribute at least 400 grams of heroin, which constitutes a base offense level of twenty-eight (28).

## C. ACCEPTANCE OF RESPONSIBILITY

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

As a result, the Defendant's **adjusted offense level is 25.**

7.  In anticipation of the forthcoming changes to the Drug Quantity Table in the United States Sentencing Guidelines 2D1.1, the United States hereby agrees not to oppose a 2-level downward variance. In exchange, the defendant agrees not to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment # 3 to the U.S.S.G. submitted to Congress on April 30, 2014.

8.  The defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence within the final Advisory Guidelines ranges. At the time of sentencing, this Office will move to dismiss any open counts pending against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of any counts that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b)  The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release);

c)  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error; and

d)  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations

under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: *[signature]*
Kenneth S. Clark
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____        _____
Date                              Reginald Jones

I am Reginald Jones' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____        _____
Date                              Amelio Marino, Esq.